IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   CR 04-2217 and
                                                            CR 04-6215M

VERONICA FRANCO VALDEZ,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court following the preliminary hearing at which I ordered the Government to produce to Defendant's counsel a copy of the report reviewed by Agent Kilpatrick in preparation for his testimony. This opinion is in response to AUSA Randy Castellano's request that I set forth my grounds for this ruling.

Rule 5.1 of the Federal Rules of Criminal Procedure addresses the preliminary hearing and how it should be conducted. Specifically, "[a]t the preliminary hearing, the defendant may cross-examine adverse witnesses and may introduce evidence. . . ." FED. R. CRIM. P. 5.1(e). Further, Rule 26.2 essentially restates 18 U.S.C. § 3500 (the "Jencks Act"), and makes its dictates also applicable to preliminary hearings. The rule provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

FED. R. CRIM. P. 26.2(a).  The rule further clarifies what qualifies as a "witness's statement" and includes within this category "a written statement that the witness makes and signs, or otherwise adopts or approves. . . ."  FED. R. CRIM. P. 26.2(f)(1).

Having now set out the legal framework, I turn to the situation at hand.  In the Las Cruces division of this district, at a preliminary hearing the Government often calls as its witness an agent who has no first hand information relating to the case.  Instead, as here, ***all*** of the Government's evidence is simply testimony by an agent or officer who has read the allegations of the criminal complaint and perhaps reviewed another agent's report or spoken with him.  In essence, the Government contends that the other agent's report is not a "statement" of the testifying witness, and therefore is not subject to production.  I respectfully disagree.

When Agent Kilpatrick took the stand, the ***only*** relevant testimony that he gave was gleaned from the other agent's report, possible conversations with him, and the criminal complaint which is a matter of public record.  Although I recognize that hearsay is permissible at a preliminary hearing, it would emasculate the right to cross-examination if the defendant is denied an opportunity to meaningfully challenge the reliability of such testimony.

It boils down to this: if the agent with first hand knowledge of the facts of the case was here to give the exact same information as that given by the testifying agent, the rules of criminal procedure clearly would require production of the report.  Such information should not be insulated from production and use on cross-examination by the Government's decision to provide the testimony in a more expedient and convenient fashion.

Thus, I find that the testifying witness has in essence "adopted" the statements of his "out-in-the-field" counterpart for the purposes of these rules.  Defense counsel are cautioned,

however, not to read too much into this decision or expect that proceeding to a preliminary hearing will provide them with discovery. Rather, this narrow holding is intended to assure that when the sole testifying agent has no first hand knowledge of the case, the defendant will have the opportunity to review the same report that was relied on in formulating the testimony for the probable cause inquiry.

_____
UNITED STATES MAGISTRATE JUDGE